**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TODD C. FORD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. MORRIS, et al.,<br><br>Defendants. | Civil Action No. 24-871 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 4.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

## I.    BACKGROUND

Plaintiff is a convicted state prisoner currently detained in Bayside State Prison. (ECF No. 1 at 2-3.) Plaintiff seeks in this matter to raise a number of claims related to his arrest, prosecution, and conviction on charges arising out of events which occurred in 2019. (*Id.* at 4-6.) Specifically,

Plaintiff contends that Detective Piligno, who investigated him, conducted "sham" drug buys using "tainted confidential sources," and then illegally searched Plaintiff and his belongings in the fall of 2019. (ECF No. 1-1 at 37-47.) Diligno then used these "sham" buys and searches to prepare "falsified" evidentiary reports and then used those documents to secure a warrant to arrest Plaintiff and perform further searches in October 2019. (*Id.*) Plaintiff also contends the detective and his cohorts planted evidence during these searches, and that these proceedings ultimately led to his indictment on drug charges in 2019. (*Id.* at 39-40.) Plaintiff in turn contends that members of the county prosecutor's office then used this "false" evidence to charge and prosecute him in relation to his current drug conviction. (*Id.* at 40-41.)

In addition to these claims against police and prosecuting figures, Plaintiff contends that he also received ineffective assistance of counsel from his assigned attorney, Defendant Morris. (ECF No. 1 at 4-6.) He bases this argument based on certain statements Morris made in requesting continuances suggesting he was not yet prepared for trial, and Plaintiff's contention that Morris did not pursue his claims of misconduct in his defense. (*Id.* at 4-6; ECF No. 1-1 at 1- 7.)

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   **DISCUSSION**

In this matter, Plaintiff seeks to raise claims of illegal search, false arrest, false imprisonment and malicious prosecution against Defendant Diligno and other police officials; claims of malicious prosecution against the prosecutors who presided over his detention hearings and prosecution; and ineffective assistance of counsel claims against his appointed attorney. Plaintiff also names as Defendants two prison administrators for facilities in which he has been housed, without actually pleading any claims for relief against them other than a brief and conclusory reference to "conditions of confinement."

Turning first to Plaintiff's claim against the prison administrators, the Court notes that a defendant in a civil rights action must have personal involvement in the alleged wrongs in order to be held liable, he cannot be held liable solely on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222. Plaintiff does not plead how the prison administrator Defendants, Lewis and Miller, were personally involved in any wrong against him, and he fails to state a claim for relief as to these Defendants. Plaintiffs claims against these Defendants are therefore dismissed without prejudice.

The Court turns next to Plaintiff's claims of ineffective assistance of counsel. Public defenders and appointed criminal attorneys do not act under color of state law in providing legal services to criminal defendants, and as such they are not proper Defendants in a civil rights matter and are immune from suit under federal civil rights laws for actions taken in the capacity of

4

appointed counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Defendant Morris, Plaintiff's appointed criminal attorney, thus is not a state actor subject to suit under § 1983 for any failings he may have had in representing Plaintiff in his criminal proceedings. Plaintiff's ineffective assistance of counsel claims against Morris are therefore dismissed from this matter with prejudice.[1]

All of Plaintiff's remaining non-malicious prosecution or fabricated evidence claims relate to events which occurred in late 2019 or early 2020. Federal civil rights claims arising out of the state of New Jersey are subject to New Jersey's two-year personal injury statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). A federal civil rights claim generally accrues when a reasonable person in the plaintiff's position would have been aware of his injury, notwithstanding that he may not yet know against whom he can bring suit. *See, e.g., Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). For claims of false imprisonment, however, a special rule applies – false imprisonment claims accrue when the plaintiff becomes bound over by judicial process – such as at an arraignment or following a formal indictment. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Malicious prosecution claims are subject to a different accrual rule – they accrue only when the criminal proceedings terminate in the plaintiff's favor. *Id.* at 392-93. Indeed, that the proceedings terminated in the plaintiff's favor is a required element of malicious prosecution. *Id.*; *see also Halsey v. Pfeiffer*, 750 F.3d 273, 294-95 (3d Cir. 2014).

Here, Plaintiff's illegal search, false arrest, and false arrest charges all accrued by the time he was searched, arrested, imprisoned, and ultimately indicted in 2019. Plaintiff did not file his

---

[1] Although Plaintiff's ineffective assistance claims are dismissed with prejudice insomuch as Plaintiff raises them as civil rights claims in this matter, this dismissal is without prejudice to Plaintiff potentially raising these claims for relief in any future habeas corpus action attacking his conviction following the conclusion of state court review of those charges.

complaint related to those claims until over four years later in February 2024, more than two years after his two-year limitations period expired. Absent some basis for equitable tolling, which Plaintiff has not presented in his complaint, these claims appear to be well and truly time barred, and will be dismissed without prejudice as such at this time.

Plaintiff has two remaining federal claims – his claims that the police planted or created falsified evidence which was used to secure his conviction, and his malicious prosecution claims against the police and prosecutor Defendants. Because favorable termination of the criminal charges is a prerequisite for a malicious prosecution claim, and Plaintiff is a convicted prisoner whose sentence has not yet been overturned or otherwise invalidated, he has not pled facts which could demonstrate favorable termination, and his malicious prosecution claims therefore must be dismissed without prejudice at this time for failure to state a claim for which relief may be granted.

Plaintiff's falsified evidence claims face a similar result. As the Third Circuit has explained, there is a stand-alone civil rights claim available to individuals against whom falsified evidence was created and presented and who were thereafter ultimately convicted at trial. *Halsey*, 750 F.3d at 295. Such a claim, however, requires a plaintiff to plead that the allegedly fabricated evidence "was so significant that it could have affected the outcome of the criminal case." *Id.* It is thus an element of a fabricated evidence claim that a plaintiff plead that the fabricated evidence had an injurious effect upon his case at trial, and thus that the fabricated evidence calls into question the validity of his trial, conviction, and sentence. *See, e.g., Ortiz v. New Jersey State Pol.*, 747 F. App'x 73, 78-79 (3d Cir. 2018). Such a fabricated evidence claim, then, is subject to the bar set forth in *Heck v. Humphries*, 512 U.S. 477 (1994), and its progeny.

Pursuant to *Heck*, a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement," seeks the shortening of his term of imprisonment, or raises a claim the success of which would undermine the validity of his imprisonment or its length.

*Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Thus, absent the prior invalidation of a jail disciplinary proceeding affecting the length of a prisoner's term of imprisonment, a state prisoner's civil rights suit "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82. Because Plaintiff's fabricated evidence claim will only have merit if it implies the invalidity of his conviction, to the extent this claim has merit, it is barred by *Heck* and may not be raised unless and until Plaintiff has had his conviction overturned or otherwise invalidated. *Ortiz*, 747 F. App'x at 78-79. Plaintiff's fabricated evidence claim must therefore be dismissed without prejudice at this time.

Finally, the Court notes that it appears that Plaintiff also wishes to raise several state law claims based on alleged violation of state criminal laws related to official misconduct against a number of Defendants. Putting aside for the moment that those statutes likely do not provide for a private cause of action, because this Court has already dismissed all federal claims over which it has original jurisdiction, this Court must decline to exercise supplemental jurisdiction and will therefore not consider any state law claims Plaintiff may have intended to raise. *See* 28 U.S.C. § 1367(c)(3); *see also Borough f. W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Plaintiff's complaint shall therefore be dismissed in its entirety.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED** in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

3/30/2024

Hon. Karen M. Williams,
United States District Judge