**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD C. FORD, JR.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. MORRIS, et al.,<br><br>Defendants. | Civil Action No. 24-871 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint (ECF No. 9.) Because Plaintiff was granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint is dismissed without prejudice in its entirety.

**I.   BACKGROUND**

In the initial screening of this matter, this Court summarized the facts contained in Plaintiff's initial compliant as follows:

> Plaintiff is a convicted state prisoner currently detained in Bayside State Prison. (ECF No. 1 at 2-3.) Plaintiff seeks in this matter to raise a number of claims related to his arrest, prosecution, and conviction on charges arising out of events which occurred in 2019. (*Id.* at 4-6.) Specifically, Plaintiff contends that Detective Piligno, who investigated him, conducted "sham" drug buys using "tainted

confidential sources," and then illegally searched Plaintiff and his belongings in the fall of 2019. (ECF No. 1-1 at 37-47.) Diligno then used these "sham" buys and searches to prepare "falsified" evidentiary reports and then used those documents to secure a warrant to arrest Plaintiff and perform further searches in October 2019. (*Id.*) Plaintiff also contends the detective and his cohorts planted evidence during these searches, and that these proceedings ultimately led to his indictment on drug charges in 2019. (*Id.* at 39-40.) Plaintiff in turn contends that members of the county prosecutor's office then used this "false" evidence to charge and prosecute him in relation to his current drug conviction. (*Id.* at 40-41.)

In addition to these claims against police and prosecuting figures, Plaintiff contends that he also received ineffective assistance of counsel from his assigned attorney, Defendant Morris. (ECF No. 1 at 4-6.) He bases this argument based on certain statements Morris made in requesting continuances suggesting he was not yet prepared for trial, and Plaintiff's contention that Morris did not pursue his claims of misconduct in his defense. (*Id.* at 4-6; ECF No. 1-1 at 1-7.)

(ECF No. 7 at 1-2.) Based on the timing of Plaintiff's claims, this Court dismissed Plaintiff's ineffective assistance claims for failure to state a claim, dismissed Plaintiff's malicious prosecution and fabricated evidence claims because Plaintiff had not pled that his criminal proceedings had terminated in his favor, dismissed Plaintiff's remaining false arrest, imprisonment, and search related claims without prejudice as facially time barred. (*Id.* at 4-7.)

On April 18, 2024, Plaintiff filed his current amended complaint. In his amended complaint, Plaintiff does not explicitly replead the claims contained in his original complaint other than his assertions that he suffered ineffective assistance of counsel from a lawyer he hired in his criminal case. (ECF No. 9.) Plaintiff seems to be suggesting, however, that this ineffective assistance of counsel should serve to excuse his tardy filing of his previously raised time barred claims. (*Id.*) Plaintiff appears to not be re-raising his malicious prosecution or fabricated evidence claims, as he recognizes that those have not terminated in his favor as they are on direct appeal at this time. (*Id.*) Plaintiff also provides a conclusory allegation that he suffered poor conditions of

2

confinement during his stay in jail prior to trial, but does not elaborate or provide any factual allegations to support that conclusion. (*Id.* at 7.)

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

3

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his amended complaint, Plaintiff seeks to do three things – reraise a claim for ineffective assistance of counsel, argue that this ineffective assistance should excuse his late filing of the three time barred claims for false arrest, false imprisonment and illegal search contained in his original complaint, and finally to raise a conclusory claim for alleged unconstitutional conditions of confinement. Turning first to Plaintiff's claims of ineffective assistance of counsel, the Court has already explained to Plaintiff that public defenders and appointed criminal attorneys do not act under color of state law in providing legal services to criminal defendants, and as such they are not proper Defendants in a civil rights matter and are immune from suit under federal civil rights laws for actions taken in the capacity of appointed counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Plaintiff's ineffective assistance claims against Defendant Morris thus fail to state a plausible claim for relief under § 1983 as Morris's failings as a criminal or private attorney do not amount to state action, and are once again dismissed.

4

Although they do not serve as a plausible basis for relief in this civil rights matter, Plaintiff also appears to be attempting to use his claims of ineffective assistance of counsel as a means of evading the time bar for his false arrest, false imprisonment, and illegal search claims. As this Court previously explained to Plaintiff,

> Federal civil rights claims arising out of the state of New Jersey are subject to New Jersey's two-year personal injury statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). A federal civil rights claim generally accrues when a reasonable person in the plaintiff's position would have been aware of his injury, notwithstanding that he may not yet know against whom he can bring suit. *See, e.g., Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). For claims of false imprisonment, however, a special rule applies – false imprisonment claims accrue when the plaintiff becomes bound over by judicial process – such as at an arraignment or following a formal indictment. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). . . .
>
> Here, Plaintiff's illegal search, false arrest, and false imprisonment(sic) charges all accrued by the time he was searched, arrested, imprisoned, and ultimately indicted in 2019. Plaintiff did not file his complaint related to those claims until over four years later in February 2024, more than two years after his two-year limitations period expired. Absent some basis for equitable tolling, . . . these claims appear to be well and truly time barred, and will be dismissed[.]

(ECF No. 7 at 5-6.)

Plaintiff now seeks to present his attorney's failings as a basis for equitable tolling as to those claims. "Federal courts may toll statutes of limitations for federal laws where the plaintiff in some extraordinary way has been prevented from asserting his or her rights." *Frasier-Kane v. City of Philadelphia*, 517 F. App'x 104, 106 (3d Cir. 2013) (quoting *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Equitable tolling, however, is an extraordinary remedy which should only be granted sparingly. *Id.*; *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). Generally, equitable tolling should only be granted in one of three sets of circumstances: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where

5

the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Fraiser-Kane*, 517 F. App'x at 106; *Lake*, 232 F.3d at 370 n. 9; *see also Brown v. Rauth*, No. 15-1764, 2017 WL 5053921, at *4 (D.N.J. Nov. 2, 2017) (summarizing equivalent New Jersey state law tolling principles). Even where a plaintiff can show extraordinary circumstances which might otherwise warrant tolling, tolling will not be appropriate unless he can show that he acted with reasonable diligence in pursuing his claims. *See, e.g., Santos v. Gainey*, 417 F. App'x 109, 111 (3d Cir. 2010).

The failings of counsel short of outright abandonment are generally not sufficient to warrant equitable tolling. *See, e.g., Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 n. 16 (3d Cir. 2013); *see also Holland v. Florida*, 560 U.S. 631, 651-52 (2010). Even assuming that Plaintiff could show that his attorney's actions here amount to outright abandonment, however, he cannot show a valid basis for tolling as Plaintiff has not even attempted to show that he acted with reasonable diligence in pursuing his claims in this matter. Indeed, Plaintiff waited more than two years after his two-year limitations period had expired, and more than four years from the date on which he allegedly hired counsel, before even attempting to file suit in this matter. Under these facts, this Court cannot find that Plaintiff acted with reasonable diligence in pursuing his claims, and he would not be entitled to tolling even if the Court assumed counsel's failings amounted to abandonment sufficient to warrant tolling. *Se Santos*, 417 F. App'x at 111. Plaintiff's false arrest, false imprisonment, and illegal search claims thus remain time barred and will once again be dismissed without prejudice on that basis. However, Plaintiff will be provided one final opportunity to show that he is entitled to tolling of the limitations period. However, should Plaintiff fail to show a basis for tolling in that filing, his time barred claims will be dismissed with prejudice.

Finally, Plaintiff in his amended complaint seeks briefly to raise a conditions of confinement claim. However, Plaintiff provides no factual allegations in his complaint, and in no way details how his conditions were so unduly punitive that they violated his rights. As Plaintiff has provided nothing but an unadorned conclusory allegation of wrongdoing, and has not even clarified against whom he now seeks to raise his conditions of confinement claim, that claim is dismissed without prejudice for failure to state a claim for which relief may be granted. *See Iqbal*, 556 U.S. at 678. Plaintiff's amended complaint is therefore dismissed without prejudice in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days.

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 9) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

7