**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD C. FORD, JR.,<br><br>                Plaintiff,<br><br>      v.<br><br>JOHN P. MORRIS, et al.,<br><br>                Defendants. | Civil Action No. 24-871 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's second amended complaint (ECF No. 14.) Because Plaintiff was granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's second amended complaint is dismissed in its entirety.

**I.    BACKGROUND**

In the initial screening of this matter, this Court summarized the facts contained in Plaintiff's initial compliant as follows:[1]

> Plaintiff is a convicted state prisoner currently detained in Bayside
> State Prison. (ECF No. 1 at 2-3.) Plaintiff seeks in this matter to

---

[1] Because Plaintiff has failed to actually reiterate and fully allege the nature of his claims in his amended complaints, this Court recounts the allegations contained in the dismissed original complaint as it appears Plaintiff is attempting to reassert those claims.

> raise a number of claims related to his arrest, prosecution, and conviction on charges arising out of events which occurred in 2019. (*Id.* at 4-6.) Specifically, Plaintiff contends that Detective Piligno, who investigated him, conducted "sham" drug buys using "tainted confidential sources," and then illegally searched Plaintiff and his belongings in the fall of 2019. (ECF No. 1-1 at 37-47.) Diligno then used these "sham" buys and searches to prepare "falsified" evidentiary reports and then used those documents to secure a warrant to arrest Plaintiff and perform further searches in October 2019. (*Id.*) Plaintiff also contends the detective and his cohorts planted evidence during these searches, and that these proceedings ultimately led to his indictment on drug charges in 2019. (*Id.* at 39-40.) Plaintiff in turn contends that members of the county prosecutor's office then used this "false" evidence to charge and prosecute him in relation to his current drug conviction. (*Id.* at 40-41.)
>
> In addition to these claims against police and prosecuting figures, Plaintiff contends that he also received ineffective assistance of counsel from his assigned attorney, Defendant Morris. (ECF No. 1 at 4-6.) He bases this argument based on certain statements Morris made in requesting continuances suggesting he was not yet prepared for trial, and Plaintiff's contention that Morris did not pursue his claims of misconduct in his defense. (*Id.* at 4-6; ECF No. 1-1 at 1-7.)

(ECF No. 7 at 1-2.) Based on the timing of Plaintiff's claims, this Court dismissed Plaintiff's ineffective assistance claims for failure to state a claim, dismissed Plaintiff's malicious prosecution and fabricated evidence claims as Plaintiff had not pled that his criminal proceedings had terminated in his favor, and dismissed Plaintiff's remaining false arrest, imprisonment, and search related claims without prejudice as facially time barred. (*Id.* at 4-7.)

On April 18, 2024, Plaintiff filed a purported amended complaint. (ECF No. 9.) Plaintiff's amended complaint did not contain clear allegations as to his claims, and instead presented an argument as to why Plaintiff's late filing of his claims which had been dismissed as time barred should be excused. As those arguments did not present a sufficient basis for tolling, this Court dismissed that amended complaint at screening and gave Plaintiff one final opportunity to show why his claims should not be dismissed as time barred. (*See* ECF Nos. 11-12.)

On May 31, 2024, Plaintiff filed his purported second amended complaint. (ECF No. 14.) As with his original amended complaint, Plaintiff fails to clearly reallege his original claims, and instead focuses on arguments as to why his time barred claims should be permitted to proceed. (*Id.*) Essentially, Plaintiff argues that, following COVID-19 lockdowns, he attempted to file a habeas petition related to his underlying criminal prosecution which was dismissed by Judge Bumb in December 2020. (*See* Docket No. 20-6961 at ECF No. 7.) Plaintiff thus claims both that he should be excused for raising similar claims in an improper forum – i.e., his habeas petition – and that COVID-19 impeded his ability to bring his claims. (ECF No. 14 at 8-10.) Paradoxically, however, Plaintiff also notes that during the period in which he claims he had no ability to file a civil suit, he filed not one, but *five* other civil suits, not including his dismissed habeas petition, regarding other civil rights issues. (*Id.* at 8-9.) This Court construes Plaintiff's second amended complaint to be reraising his previously dismissed false arrest, false imprisonment, and search related claims. The Court does not construe Plaintiff to be reraising his malicious prosecution, fabricated evidence, or ineffective assistance of counsel claims as Plaintiff has made no effort to correct the deficiencies previously noted when those claims were first dismissed.

II.   **LEGAL STANDARD**

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

3

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his second amended complaint, Plaintiff seeks to reraise his three time barred claims for false arrest, false imprisonment and illegal search and to argue that they should not be dismissed as time barred in light of his filing a number of other lawsuits and a habeas petition which is tangentially related to his claims in this matter. Plaintiff also reasserts that his tardy filing should be excused because his criminal counsel did not press his claims to Plaintiff's satisfaction. As this Court previously explained to Plaintiff,

> Federal civil rights claims arising out of the state of New Jersey are subject to New Jersey's two-year personal injury statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). A federal civil rights claim generally accrues when a reasonable person in the plaintiff's position would have been aware of his injury, notwithstanding that he may not yet know against whom he can bring suit. *See, e.g., Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). For claims of false imprisonment, however, a special rule applies – false imprisonment claims accrue when the plaintiff becomes bound over by judicial process – such as at an arraignment or following a formal indictment. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). . . .
>
> Here, Plaintiff's illegal search, false arrest, and false arrest charges all accrued by the time he was searched, arrested, imprisoned, and ultimately indicted in 2019. Plaintiff did not file his complaint related to those claims until over four years later in February 2024, more than two years after his two-year limitations period expired. Absent some basis for equitable tolling, . . . these claims appear to be well and truly time bared, and will be dismissed[.]

(ECF No. 7 at 5-6.)

Plaintiff argues that his tardy filing of this matter should be excused and that he should be granted equitable tolling. "Federal courts may toll statutes of limitations for federal laws where the plaintiff in some extraordinary way has been prevented from asserting his or her rights." *Frasier-Kane v. City of Philadelphia*, 517 F. App'x 104, 106 (3d Cir. 2013) (quoting *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Equitable tolling, however, is an extraordinary remedy

5

which should only be granted sparingly. *Id.*; *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). Generally, equitable tolling should only be granted in one of three sets of circumstances: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Fraiser-Kane*, 517 F. App'x at 106; *Lake*, 232 F.3d at 370 n. 9; *see also Brown v. Rauth*, No. 15-1764, 2017 WL 5053921, at *4 (D.N.J. Nov. 2, 2017) (summarizing equivalent New Jersey state law tolling principles). Even where a plaintiff can show extraordinary circumstances which might otherwise warrant tolling, tolling will not be appropriate unless he can show that he acted with reasonable diligence in pursuing his claims. *See, e.g., Santos v. Gainey*, 417 F. App'x 109, 111 (3d Cir. 2010).

As this Court already explained to Plaintiff, the failings of counsel short of outright abandonment are generally not sufficient to warrant equitable tolling. *See, e.g., Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 n. 16 (3d Cir. 2013); *see also Holland v. Florida*, 560 U.S. 631, 651-52 (2010). Plaintiff's second amended complaint raises only the specter of ineffective assistance of counsel, and does not contain allegations of outright abandonment. Thus, counsel's alleged failings serve as no basis for equitable tolling. Even had Plaintiff alleged abandonment, however, he has not shown diligence sufficient to warrant tolling. Even if the Court were to provide Plaintiff the benefit of the fact that he filed a habeas tangentially related to his civil rights claims in this matter in 2020, that petition was denied in December 2020 and Plaintiff made no effort to bring civil rights claims until well over three years later, long after his statute of limitations had expired.

Plaintiff's reference to COVID-19 similarly fails to provide a basis for tolling. Plaintiff presents little more than his own conclusory allegation that COVID prevented him from filing this

6

matter, and his own allegations show that COVID proved no barrier whatsoever to Plaintiff's direct participation in half a dozen other cases before this Court. Plaintiff's own admissions thus show that COVID-19 did not prevent him from accessing the courts or filing civil rights matters, and that he in any event could have filed this matter during the same time he was filing numerous other cases, but chose not to do so. As to COVID-19, Plaintiff has shown neither an extraordinary circumstance that stood in the way of his filing this case, nor that he was diligently pursuing his rights, and has thus shown no basis for tolling.

In his final tolling argument, Plaintiff contends that he should receive tolling as he filed his claims improperly in the wrong forum, relying on the filing of his 2020 habeas petition before Judge Bumb as the basis for why he should receive tolling. Although Plaintiff's habeas petition in that matter did contain some similar allegations to those contained in his initial complaint in this matter, he did not seek the same relief – he sought habeas relief such as outright release and the dismissal of claims, rather than monetary damages. However, putting that aside, even if the Court credited the filing of Plaintiff's 2020 habeas petition as Plaintiff improperly filing his habeas petition in the wrong forum, that case was dismissed in December 2020, with Judge Bumb's opinion making it abundantly clear that a pre-trial habeas was not available to Plaintiff. (*See* Docket No. 20-6961 at ECF No. 7.) After that case was dismissed and it was clear that Plaintiff could not proceed with a habeas petition, Plaintiff permitted more than three years to pass before he filed his case in this matter. Even if the Court granted Plaintiff the benefit of starting his two-year limitations period with the dismissal of his habeas petition in December 2020, Plaintiff's two-year limitation period expired in December 2022, well over a year before this case was filed. Thus the habeas petition will not render Plaintiff's complaint in this matter timely, and Plaintiff's false

arrest, false imprisonment, and illegal search claims remain well and truly time-barred. Plaintiff's second amended complaint is therefore dismissed with prejudice as time barred.[2]

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's second amended complaint (ECF No. 14) shall be **DISMISSED WITH PREJUDICE** as time barred. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[2] Plaintiff's other claims, which this Court does not construe Plaintiff to be reraising in his second amended complaint, remain dismissed without prejudice.